1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11 | CURTIS WAYNE JONES,                ) Case No.: 1:18-cv-01174-SAB (PC)
                                       )
12 |            Plaintiff,              )
                                       ) **ORDER DIRECTING CLERK OF COURT TO**
13 |       v.                           ) **RANDOMLY ASSIGN A DISTRICT JUDGE TO**
                                       ) **THIS ACTION**
14 | MS. PULLINGS, et al.,              )
                                       ) **FINDINGS AND RECOMMENDATIONS**
15 |            Defendants.             ) **RECOMMENDING DISMISSAL OF ACTION**
                                       ) **FOR FAILURE TO STATE A COGNIZABLE**
16 |                                    ) **CLAIM FOR RELIEF**
                                       )
17 |_____ ) [ECF No. 1]

18        Plaintiff Curtis Wayne Jones is proceeding pro se and in forma pauperis in this civil rights

19  action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

20        Plaintiff filed the instant action on August 15, 2018, in the United States District Court for the

21  Central District of California.  On August 29, 2018, the case was transferred to this Court.  Therefore,

22  Plaintiff's complaint is before the Court for screening.

23                                        **I.**

24                              **SCREENING REQUIREMENT**

25        The Court is required to screen complaints brought by prisoners seeking relief against a

26  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Ms. Pullings and A. Lozano as Defendants.

On February 15, 2018, Ms. Pullings issued a false disciplinary charge against Plaintiff for assault and/or insolence towards staff.  At the disciplinary hearing, Plaintiff was exonerated of the charges and the rules violation was expunged.

Defendants Lozano and Pullings, placed Plaintiff back in the security housing unit (SHU) for an investigation after the rules violation was dismissed.  Plaintiff contends that Lozano and Pullings were angry because the rules violation was expunged.  Plaintiff seeks damages for the alleged retaliatory actions by Defendants.

///

///

# III.

# DISCUSSION

### A.    Signature Under Penalty of Perjury

A review of Plaintiff's complaint reveals that Plaintiff did not sign the complaint under penalty of perjury.  All filings submitted to the Court must bear the signature of the filing party.  Local Rule 131; Fed. R. Civ. P. 11(a).  In such instance, the Court would generally strike the complaint from the record and direct that an amended complaint with an original signature under penalty of perjury be filed; however, in this case such amendment would be futile because for the reasons explained below Plaintiff has not and cannot state a cognizable <u>Bivens</u> claim.

### B.    Retaliation Claim/Application of Supreme Court's decision in <u>**Ziglar v. Abbasi**</u>

In <u>Ziglar</u>, the Supreme Court clearly stated that "expanding the <u>Bivens</u> remedy is now a disfavored judicial activity," and the Court has "consistently refused to extend <u>Bivens</u> to any new context or new category of defendants." <u>Ziglar v. Abbasi</u>, 137 S.Ct. 1843, 1857 (2017) (citations omitted).  The Court set forth a two-part test to determine whether a <u>Bivens</u> claim may proceed.  The district court must first determine whether the claim presents a new context from previously established <u>Bivens</u> remedies. If so, the Court must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding <u>Bivens</u> absent affirmative action by Congress.  <u>Id.</u> at 1857, 1875.

"Since <u>Bivens</u>, the Supreme Court has recognized implied causes of action for damages against federal employees for only three types of constitutional violations: (1) police search and seizure in violation of the Fourth Amendment, <u>see</u> <u>Bivens</u>, 403 U.S. 388; (2) gender discrimination by a congressman in violation of the Fifth Amendment for an employee not covered by Title VII, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1978); and (3) deliberate indifference toward a prisoner in violation of the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980)." <u>Adralan v. McHugh</u>, No. 1:13-CV-01138-LHK, 2013 WL 6212710, at *10 (N.D. Cal. Nov. 27, 2013).

In this case, Plaintiff claims that Defendants Pullings and Lozano retaliated against him by placing him in the SHU because he succeeded in having the disciplinary rules violation expunged from his record.  This First Amendment retaliation claim presents a new context in <u>Bivens</u>, and the Court must proceed to consideration of the special factors.

1    If the claim presents a new context in Bivens, the Court must consider whether there are special

2    factors counseling against extension of Bivens into the area. "[T]he inquiry must concentrate on whether

3    the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs

4    and benefits of allowing a damages action to proceed." Ziglar, 137 S. Ct. at 1857-58. The Court should

5    assess the impact on governmental operations system-wise, including the burdens on government

6    employees who are sued personally, as well as the projected costs and consequences to the government

7    itself. Id. at 1858. In addition, "if there is an alternative remedial structure present in a certain case,

8    that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Id.

9    The Supreme Court has never implied a Bivens action under any clause of the First Amendment.

10   See Reichie v. Howards, 566 U.S. 658 n.4 (2012) ("We have never held that Bivens extends to First

11   Amendment claims."); Ashcroft v. Iqbal, 556 U.S. at 675 (assuming without deciding that Bivens

12   extended to First Amendment claim). In addition, the Supreme Court declined to extend Bivens to a

13   First Amendment free speech claim relating to federal employment noting "that Congress is in a better

14   position to decide" the issue. Bush v. Lucas, 462 U.S. 367, 390 (1983).[1]

15   Also, Plaintiff has alternative remedies available to him, including the Bureau of Prisons

16   administrative grievance process, which Plaintiff alleges that he utilized in this case. (See Compl at 12,

17   14-20.) See Wilkie v. Robbins, 551 U.S. 537, 550 (2007). see also Correctional Services Corp. v.

18   Malesko, 534 U.S. 61, 69 (2001) ("So long as the plaintiff had an avenue for some redress, bedrock

19   principles of separation of powers foreclosed judicial imposition of a new substantive liability.")

20   (citation omitted). In addition, the fact that Congress has not extended Bivens to claims under the First

21   Amendment is itself a factor counseling hesitation. Ziglar, 137 S. Ct. at 1865.

22

23

24

---

25   [1] Although the Ninth Circuit has previously found that Bivens may be extended to First Amendment claims, Gibson v.
26   United States, 781 F.2d 1334, 1342 (9th Cir. 1986) (permitting First Amendment retaliation claim under Bivens); Moss v.
     U.S. Secret Serv., 572 F.3d 962, 967 n.4 (9th Cir. 2009) (noting Bivens extends to First Amendment damages claims), it
27   has recently addressed the issue in light of Ziglar, see Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018)
     (declining to extend Bivens remedy to First Amendment access to courts and Fifth Amendment procedural due process
28   claims against private employees of residential reentry center). Therefore, the Ninth Circuit's pre-Ziglar opinions are not
     controlling.

4

Based on the foregoing, the Court finds that under the analysis set forth in Ziglar, there is no implied right of a Bivens action for a retaliation claim, and this action should be dismissed.[2] See, e.g., Free v. Peikar, Case No. 1:17-cv-00159-AWI-MSJ (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) (noting that nationwide, district courts seem to be in agreement that, post-Ziglar, prisoners have no right to bring a Bivens action for violation of the First Amendment).

## IV.

## CONCLUSION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim under Bivens.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

///

///

///

---

[2] To the extent, Plaintiff alleges that Defendant Putting falsely charged him with assault, such claim does not give rise to an independent constitutional violation. The issuance of a false rules violation does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.")); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). While Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law, he was afforded the process he was due with respect to his disciplinary hearing, as he indicates he was found not guilty of the rules violation report. To the extent Plaintiff seeks to present a separate claim based on Defendant Pullings charging him with an alleged false rules violation report does not give rise to an independent due process claim.

1  Recommendation."  Plaintiff is advised that failure to file objections within the specified time may

2  result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014)

3  (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4

5  IT IS SO ORDERED.

6  Dated:    **September 6, 2018**

7                                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28